William F. Friend v. Commissioner.
Friend v. Commissioner
Docket No. 5292-63.
United States Tax Court
T.C. Memo 1966-19; 1966 Tax Ct. Memo LEXIS 262; 25 T.C.M. (CCH) 107; T.C.M. (RIA) 66019; January 25, 1966
*262 Held: (1) In determining petitioner's taxable income for calendar years 1956 and 1957, adjusted under the net worth and expenditures method, respondent (a) failed to give petitioner credit for certain United States War Bonds held in a bank for safekeeping on December 31, 1955, and December 31, 1956, but withdrawn and cashed on May 6, 1957, (b) failed to give petitioner credit for other assets owned on December 31, 1955 of at least $6,300, and (c) erred in determining an excessive amount for petitioner's personal living expenses for 1956 and 1957; and (2) Assessment of any deficiency in tax for the years 1956 and 1957 is not barred by the statute of limitations. William F. Friend, pro se, 245 East 47th St., New York, N. Y. Paul H. Frankel, for the respondent. ARUNDELL
*263 Memorandum Findings of Fact and Opinion ARUNDELL, Judge: Respondent determined deficiencies in income tax and 50 percent additions to tax for the calendar years 1956 and 1957 in amounts as follows: Year
Deficiency
Addition
1956
$3,195.05
$1,597.53
1957
2,934.23
1,467.12
The respondent has withdrawn his claim for the 50 percent additions to tax. The remaining issues for our decision are: 1. Whether, under the net worth and expenditures method, petitioner failed to report income aggregating $12,282.57 for 1956 and $11,856.34 for 1957; and 2. Whether the assessment of any deficiency for the taxable years 1956 and 1957 is barred by the statute of limitations. Findings of Fact Some of the facts were stipulated and such facts are incorporated herein by reference. Petitioner is an unmarried individual who resides in New York, N. Y. He filed his individual income tax returns for the calendar years 1956 and 1957 with the district director of internal revenue at New York, N. Y.
During the years 1956 and 1957 and for many years prior thereto petitioner was engaged in the business of selling bingo supplies to various churches. On Schedule C of his *264 return for 1956 petitioner reported a net profit from business of $883.35 determined as follows: Total receipts
$1,924.40
Merchandise purchased
$876.45
Inventory at end of year
50.00
Cost of goods sold
826.45
Gross profit
$1,097.95
Other Business Deductions
Rent
$ 60.00
Electricity
5.00
Traveling expenses
119.60
Miscellaneous expenses
30.00
214.60
Net profit
$ 883.35
On Schedule C of his return for 1957 petitioner reported a net profit from business of $517.95 determined as follows: Total receipts
$1,375.25
Inventory at beginning of year
$ 50.00
Merchandise purchased
598.50
Total
$648.50
Inventory at end of year
50.00
Cost of goods sold
598.50
Gross profit
$ 776.75
Other Business Deductions
Rent
$ 60.00
Electricity
6.00
Traveling expenses, telephone
and carfare
192.80
258.80
Net profit
$ 517.95
Respondent determined by means of the net worth and expenditures method that petitioner had additional income of $12,282.57 for 1956 and $11,856.34 for 1957, computed as follows: 12/31/55
12/31/56
12/31/57
Assets: Cash in Banks: Bowery Savings Bank: Acct. No. 711711
$2,170.00
$ 2,200.00
$ 4,431.65
Acct. No. 710594
12.14
72.65
471.90
Chase Manhattan Bank, Savings Acct. No.
3059
0
0
3,500.00
Astoria Federal Savings & Loan Acct. No.
57188
0
2,245.43
2,820.38
Total cash in banks
$2,182.14
$ 4,528.08 *
$11,223.93
Loans Receivable: Barbara Ann Murphy
0
0
825.00
Elizabeth and Robert Beaury
0
0
1,340.00
Dan Wal Trucking Co., Daniel Friend
0
2,220.00
1,420.00
Mary Palmer
0
4,199.98
3,703.42
Frank Beaury
0
2,400.00
2,400.00
Ann Gernsbeck
0
0
2,810.00
Total Assets
$2,182.14
$13,348.06
$23,722.35
Liabilities
0
0
0
Net Worth
$2,182.14
$13,348.06
$23,722.35
Less: Net Worth of preceding year
2,182.14
13,348.06
Increase in net worth
$11,165.92
$10,374.29
Plus personal living expenses
2,000.00
2,000.00
Adjusted gross income
$13,165.92
$12,374.29
Reported on returns
883.35
517.95
Understatement
$12,282.57
$11,856.34
*265 On December 31, 1955, and December 31, 1956, and until May 6, 1957, petitioner had deposited for safekeeping with The Bowery Savings Bank certain United States War Bonds of the maturity value of $10,000. The cost of these bonds was $7,500. They were deposited in the names of "William F. Friend or Barbara Ann Friend." The bonds actually were the property of petitioner, Barbara Ann Friend was petitioner's niece. The bonds were to go to Barbara in the event of petitioner's death. When the bonds were withdrawn on May 6, 1957, they were cashed and the cash was either deposited in the banks or loaned. During 1956 and 1957 petitioner made loans to various relatives without interest. Daniel Friend was petitioner's brother. Some of the money loaned to Daniel was loaned prior to 1956. On December 31, 1955, in addition to the $2,182.14 cash in The Bowery Savings Bank and the $7,500 of United States War Bonds, petitioner owned other assets in the amount of at least $6,300. Petitioner led a frugal life. He lived with his father and paid nothing for rent or food. He did not smoke or drink alcoholic beverages. He bought his own clothes. During 1956 and *266 1957 petitioner's personal living expenses did not exceed $500 for each of those years. By agreement, Form 872 for 1956 and 1957, signed by petitioner and respondent, the period of limitations for assessment of petitioner's income taxes for those years was extended to June 30, 1964. The deficiency notice herein was mailed to petitioner on August 29, 1963. Ultimate Findings of Fact Petitioner failed to report income aggregating $4,482.57 for 1956 and $2,856.34 for 1957, computed as follows: 12/31/55
12/31/56
12/31/57
Assets determined by respondent
$ 2,182.14
$13,348.06
$23,722.35
Add: U.S. War Bonds
7,500.00
7,500.00
0
Other assets
6,300.00
0
0
Total assets
$15,982.14
$20,848.06
$23,722.35
Liabilities
0
0
0
Net worth
$15,982.14
$20,848.06
$23,722.35
Less: Net worth of preceding year
15,982.14
20,848.06
Increase in net worth
$ 4,865.92
$ 2,874.29
Plus: Personal living expenses
500.00
500.00
Corrected adjusted gross income
$ 5,365.92
$ 3,374.29
Reported on returns
883.35
517.95
Understatement
$ 4,482.57
$ 2,856.34
The statute of limitations for assessment of any deficiency in tax for the years *267 1956 and 1957 had not expired when the notice of deficiencies was mailed to petitioner on August 29, 1963. Opinion The deficiencies determined by the respondent are prima facie correct and the burden of disproving them is upon the petitioner. Banks v. Commissioner, 322 F. 2d 530, 537 (C.A. 8, 1963), affirming a Memorandum Opinion of this Court on this point. Petitioner has shown that in addition to the total assets determined by the respondent as being owned by petitioner on December 31, 1955, and December 31, 1956, petitioner also owned certain U.S. War Bonds in the total amount of $7,500 on each of those dates. He has also shown by undisputed evidence that on December 31, 1955, in addition to the $2,182.14 cash in The Bowery Savings Bank and the $7,500 of United States War Bonds, he also owned other assets in the amount of at least $6,300. Petitioner has also shown to our satisfaction that his personal living expenses for 1956 and 1957 did not exceed the sum of $500 for each of those years. When effect is given to these showings on the part of petitioner, the respondent's determination of unreported income of $12,282.57 for 1956 is reduced to $4,482.57 and his determination *268 of unreported income of $11,856.34 for 1957 is reduced to $2,856.34. The deficiencies will be redetermined on that basis. Since petitioner and respondent agreed in writing (Form 872) that the amount of any income tax due for the years 1956 and 1957 "may be assessed at any time on or before 6/30/64" and respondent mailed his deficiency notice prior to that date, namely, on August 29, 1963, there is no merit in petitioner's contention that the statute of limitations has expired. See sections 6501(c)(4) and 6503(a)(1), I.R.C. 1954. Decision will be entered under Rule 50. Footnotes
*. Unexplained difference of $10.↩